UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KARIM ARABI (1),<br>SHEIDA ALAN (2),<br>   aka Sheida Arabi,<br>SANJIV TANEJA (3),<br>ALI AKBAR SHOKOUHI (4)<br><br>Defendants. | Case No.: 3:22-CR-1152-BAS<br><br>**POST-INDICTMENT RESTRAINING ORDER**<br><br>[Under Seal] |

The United States of America having made *ex parte* application to this Court under 18 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(e) and 853(l), for a post-indictment restraining order to secure, maintain, and preserve the availability for forfeiture real property located at 1520 Vinson Creek Road, West Vancouver, British Columbia, Canada (008-505-152) (the "Subject Real Property"), and

Upon consideration of the United States' application, the verified materials submitted in support thereof, and the sealed Indictment of Defendants KARIM ARABI (1), SHEIDA ALAN, aka Sheida Arabi (2), SANJIV TANEJA (3), and ALI AKBAR SHOKOUHI (4), it appears to the Court that there is good cause to enter an order restraining and preserving the Subject Real Property based upon the following:

1. That a federal grand jury in the Southern District of California has returned a sealed Indictment against Defendants KARIM ARABI (1), SHEIDA ALAN, aka Sheida Arabi (2), SANJIV TANEJA (3), and ALI AKBAR SHOKOUHI (4) alleging wire fraud conspiracy, wire fraud, money laundering conspiracy, and engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. §§ 1343, 1349, 1956(h) and 1957. Furthermore, the Indictment alleges forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of certain property, to wit, and among others, all property involved in the offense of the money laundering conspiracy charged

against Defendants KARIM ARABI (1) and SHEIDA ALAN, aka Sheida Arabi (2). The indictment specifically identifies the Subject Real Property as forfeitable property involved in the offense of money laundering conspiracy charged against Defendants KARIM ARABI (1) and SHEIDA ALAN, aka Sheida Arabi (2).

2. That the federal grand jury's indictment of Defendants KARIM ARABI (1), SHEIDA ALAN, aka Sheida Arabi (2), SANJIV TANEJA (3), and ALI AKBAR SHOKOUHI (4), which specifically identifies the fraud scheme and money laundering conspiracy, and which specifically identified property as being subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), together with the United States' application and the affidavit of U.S. Marshals Service Senior Inspector John Shindledecker, together establish sufficient probable cause for the issuance of this restraining order.

3. That the affidavit of U.S. Marshals Service Senior Inspector John Shindledecker establishes probable cause to believe that the Subject Real Property was purchased with fraud proceeds, as part of the charged money laundering conspiracy.

4. That in the event that Defendants KARIM ARABI (1) and SHEIDA ALAN, aka Sheida Arabi (2), were convicted of the charges alleged in the Indictment, the Subject Real Property would be subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. That the need to preserve the availability of the Subject Real Property through the entry of the requested Order outweighs the hardship on any party against whom the order is to be entered.

6. That any third-party claims to the Subject Real Property may properly be brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, KARIM ARABI (1) and SHEIDA ALAN, aka Sheida

Arabi (2), their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them; and those persons, financial institutions, or entities who have any interest or control over the Subject Real Property, and all persons having actual knowledge of this Order, shall not, without prior approval of this Court and upon notice for the United States and opportunity for the United States to be heard:

    a) damage, devalue, alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the Subject Real Property or fixtures within, in any manner, directly or indirectly;

    b) cause the Subject Real Property or fixtures within to be damaged, devalued, alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner;

    c) take, or cause to be taken, any action which could have the effect of concealing or removing the Subject Real Property from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Subject Real Property; or

    d) engage in any illegal activity with the Subject Real Property or knowingly allow any illegal activity to occur with the Subject Real Property during the pendency of this criminal forfeiture action.

    IT IS FURTHER ORDERED that the owners of the Subject Real Property are required to maintain the present condition of the Subject Real Property, including timely payment of all mortgage and lien payments, insurance, utilities, taxes, and assessments until further order of this Court.

    IT IS FURTHER ORDERED that any financial institutions holding liens or mortgages on the Subject Real Property shall respond promptly to requests by the Government for information on said liens or mortgages current status.

    IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the Subject Real Property.

    IT IS FURTHER ORDERED that this Order and the accompanying application and

affidavit in support are hereby SEALED pending further order of the Court. This limited sealing order shall not prohibit the United States from sharing this Order with law enforcement and other personnel necessary to assist in its execution, including specifically Canadian government authorities.

    IT IS FURTHER ORDERED that the United States, or its designees, shall serve a copy of this Order upon Defendant KARIM ARABI (1) and SHEIDA ALAN, aka Sheida Arabi (2), or their designated counsel within fourteen (14) days of the date of this Order, and in no event later than forty-eight (48) hours following the arrest of either Defendant KARIM ARABI (1) and SHEIDA ALAN, aka Sheida Arabi (2) on the Indictment in this case, and shall make a return thereon reflecting the date and time of service.

    This Order shall remain in full force and effect until further Order of this Court.

Entered on August 2, 2022 at 12:45 p.m.

*[Signature: Cynthia Bashant]*
HON. CYNTHIA BASHANT
United States District Court Judge