RANDY S. GROSSMAN
United States Attorney
NICHOLAS W. PILCHAK
California Bar No. 331711
MEGHAN E. HEESCH
Minnesota Bar No. 0395912
ERIC R. OLAH
California Bar No. 295513
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619)546-9709
Email: nicholas.pilchak@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KARIM ARABI (1), <br> SANJIV TANEJA (3), <br> ALI AKBAR SHOKOUHI (4), <br><br> Defendants. | Case No.: 22-CR-1152-BAS <br> Date: October 3, 2022 <br> Time: 3:00 p.m. <br><br> Honorable Cynthia Bashant <br><br> **THE UNITED STATES' STATUS REPORT UNDER LOCAL RULE 16.1.A** |

The United States of America, by and through its counsel, RANDY S. GROSSMAN, United States Attorney, and Nicholas W. Pilchak, Meghan E. Heesch, and Eric R. Olah, Assistant U.S. Attorneys, hereby respectfully submits a status report under Local Rule 16.1.a.

## I.

## STATEMENT OF THE CASE

On May 24, 2022, a federal grand jury in the Southern District of California returned an 8-count indictment charging Defendants Karim Arabi ("Karim"), Sheida

Alan, aka Sheida Arabi ("Sheida"), Sanjiv Taneja and Ali Akbar Shokouhi with wire fraud conspiracy, various related crimes, and criminal forfeiture. ECF 1. The grand jury returned a superseding indictment on July 19, 2022, adding factual allegations to Count 6 and certain allegations pertaining to criminal forfeiture. ECF 9. On August 9, 2022, Karim, Taneja and Shokouhi (collectively, the "arraigned defendants") were all arrested in the United States pursuant to arrest warrants issued in connection with the indictment. Sheida was provisionally arrested by Canadian authorities the same day and is pending extradition from Canada. All defendants have been released on bail.

## II.
## STATEMENT OF FACTS

### A.   The Charged Crimes.

Briefly, the crimes charged in this case involved a scheme to defraud Qualcomm Technologies, Inc., referred to as the Victim Company in the indictment, in connection with Qualcomm's purchase of new tech company Abreezio LLC for $150 million.[1] Because Karim was a Qualcomm employee whose employment agreements would have allowed his employer to make its own legal claim on any technology he developed, all defendants carefully hid Karim's role, and instead described Abreezio's new technology as the invention of Karim's sister, Sheida. Based on the fraud, Qualcomm paid $150 million to Sheida, Taneja, Shokouhi's companies, and others. The defendants then proceeded to launder the proceeds of the fraud via international money transfers, stock and real estate investments, and other means.

### B.   The Civil Fraud Lawsuit.

In 2017, Qualcomm filed a civil fraud suit against Karim, Sheida and Taneja, arising out of the Abreezio transaction. As part of the suit, the parties exchanged a substantial amount of discovery, virtually all of which was covered by a detailed

---

[1]   This is a summary statement of facts for purposes of this report only. The United States reserves the right to supplement it at a later time.

protective order providing layered restrictions on its use and designation. Counsel for all sides designated certain materials as "Highly Confidential – Attorneys' Eyes Only."

## III.
## LOCAL RULE 16.1.A STATUS REPORT

As of the date of this report, the United States has prepared approximately 270,000 pages of written discovery for production in an initial round of discovery to the three defendants who have been arraigned in this case. Within days of the arrests of the arraigned defendants, the United States tendered proposed protective orders to their counsel.[2] Despite extensive discussions, the parties have been unable to agree on a proposed provision prohibiting the arraigned defendants' disclosure of discovery materials to Sheida or her counsel prior to Sheida's arraignment before this Court, and the United States has filed separately a contested motion for a protective order. See ECF 76.

In anticipation of the parties' hearing on that motion, currently set for October 3, 2022, the United States provides the following updates on certain categories of discovery under Local Rule 16.1.a. The parties have begun a process of meeting and conferring concerning the subjects outlined in the local rule and other topics that may facilitate the discovery process, including those outlined below.

**A.   Electronically Stored Information and Voluminous Discovery.**

The United States has inquired of the defense as to any format specifications it wishes to request for electronically stored information ("ESI") or unusually voluminous discovery. As indicated above, the United States does anticipate that discovery will be extraordinarily large in this matter. To facilitate the production of anticipated voluminous discovery, the United States has requested that each counsel for the

---

[2]   No attorney for Sheida has entered an appearance in this case. In Shokouhi's case, the proposed order was first supplied to his original counsel, who were then specially appearing. The order was later supplied to current counsel, who have taken the positions described in this motion.

arraigned defendants provide a 2 terabyte hard drive to the U.S. Attorney's Office to upload discovery upon entry of suitable protective orders by the Court.

It is the government's practice to produce discovery in reasonably usable format, including specifically in a format that may be easily ingested into most document review tools. The United States has solicited and will entertain any reasonable suggestions that the defense may have about the format of discovery.

**B.    Searches of Electronic Devices.**

The United States seized approximately eleven electronic devices from Karim Arabi's residence during a search conducted the day of his arrest. The warrant search of those devices is currently ongoing, although the government has prioritized the imaging and return of two devices specially requested by Karim's counsel. Among other challenges, this process is slowed by the filter protocol the United States is using to try to prevent unwarranted intrusion into Karim's attorney-client relationships. At this time, it is not certain when these searches will be completed, but the United States will undertake to produce the extracted results in discovery if at all possible within 30 days of the completion of the searches authorized by the relevant warrants, including any extensions authorized by a Magistrate Judge.

The United States intends to produce the results of the warrant search of each device to counsel of all arraigned defendants, and to produce the complete contents of each device to counsel for Karim.

**C.    Email Searches.**

The United States conducted or attempted to conduct warrant searches of approximately fifteen email accounts maintained by third-party email providers. The government intends to produce the results of the warrant searches of each account to counsel for all arraigned defendants. It also intends to produce the complete contents of each account to the respective account holder. Where the accountholder is unclear—for example, for accounts nominally used by Sheida but alleged to have been used by Karim to *impersonate* Sheida—the United States has solicited input from defense

counsel as to the proper accountholder to receive the complete contents of the account. Where the accountholder has not been indicted, the government does not propose to produce the complete contents of the account to any defendant's counsel.

At this time, defense counsel have objected to this procedure and the parties are discussing whether they can agree on a protocol for discovery of these accounts.

### D.     Civil Discovery.

The United States is preparing for production the very substantial discovery produced in Qualcomm's civil fraud suit against Karim, Sheida, and Taneja. As noted above, certain documents in that suit were produced pursuant to "Attorney's Eyes Only" ("AEO") protections under a civil protective order. As to documents marked "AEO" in Qualcomm's production, the United States is seeking a temporary maintenance of that status to permit Qualcomm to finish evaluating whether any of those records might require continued heightened protection. As to "AEO" designations made by Karim and Sheida, the United States has inquired of Karim's counsel whether he wishes to object to production of those materials to his co-defendants. At this time, it appears likely that such an objection will be lodged, but the parties continue to discuss the matter.

### E.     A-File Discovery.

The United States has obtained access to Karim's A-file as part of its investigation, and plans to produce copies of certain certified A-file documents in discovery to all arraigned defendants. At this time, it appears that Karim's counsel may object to providing additional access to or discovery from his A-file to his co-defendants, but the parties continue to discuss the matter.

## IV.
## <u>CONCLUSION</u>

The parties continue to discuss discovery issues diligently and in good faith. It is anticipated that a large volume of discovery will be available to produce very shortly after entry of a protective order, following the Court's ruling on the pending contested motion.

DATED: September 27, 2022

RANDY S. GROSSMAN
United States Attorney

<u>/s/ Nicholas W. Pilchak</u>
NICHOLAS W. PILCHAK
MEGHAN E. HEESCH
ERIC R. OLAH
Assistant U.S. Attorneys