United States v. Sanjiv TANEJA, Case No. 22-cr-1152-BAS-003

**FINANCIAL ADDENDUM**

1. Defendant's conviction will include financial penalties such as a forfeiture, fine, and restitution. Defendant understands and agrees that both forfeiture and restitution are mandatory for the offense to which he is pleading guilty. This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

   A. **Forfeiture**

   i. In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit any property involved in the offense, and any property traceable to such property.

   ii. As part of Defendant's guilty plea to Count 7 of the Superseding Indictment, as set forth in section I of the plea agreement, Defendant agrees to forfeit, via entry of a personal money judgment against Defendant, the amount of **$7,248,353.07**. The parties agree that, provided Defendant does not breach the plea agreement, and provided the net proceeds from the sale of seized assets are transferred to the Clerk of Court for application to restitution, as the parties anticipate, then the amount of net proceeds from the seized assets will be credited against any personal money judgment imposed.

   iii. The money judgment against Defendant represents monies subject to forfeiture to the United States as property involved in the offense of money laundering and subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a).

   iv. Defendant consents and agrees to the immediate entry of an order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the order of forfeiture, such order shall be final

Financial Addendum                                            Def. Initials ST
                                                              22CR1152-BAS-003

as to Defendant. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees that upon signing this Financial Addendum, he is withdrawing both upon his own behalf and on behalf of his business, all claims filed in any and all administrative forfeiture proceedings. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process, including but not limited to a Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise form. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant agrees that the criminal forfeiture money judgment imposed by the Court will be (i) subject to immediate enforcement, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the forfeiture judgment. Defendant waives all notices with respect to TOP and all offsets.

   v. Defendant consents and agrees to the entry of orders of forfeiture for all forfeitable property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the

forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea.

vi. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

vii. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the **$7,248,353.07** agreed-upon money judgment, is collected in full.

viii. Defendant acknowledges and agrees that the forfeiture in this case includes entry of a personal money judgment against Defendant, and that interest shall accrue on the judgment from the date of entry of the Order of Forfeiture in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the United States may take all actions available to it to collect the full amount of the judgment, including enforcement of the judgment against substitute assets as provided in 18 U.S.C. § 982(b), which incorporates 21 U.S.C. § 853(p), and actions available under the Federal Debt Collections Procedure Act. Defendant shall receive credit against the agreed-upon money judgment for any amount of restitution actually paid

voluntarily and timely by Defendant himself in this case, and for the net value of seized assets transferred to the Clerk of Court for application to restitution. Defendant is not entitled to any credit against the forfeiture money judgment for any substitute assets enforced by the Government or for any collection actions taken by the Government as to either the forfeiture or restitution.

B. **Restitution**

    i. The crime to which Defendant is pleading guilty requires an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant make mandatory restitution to the victims of the offense of conviction or the estates of the victims. **Defendant is also agreeing to the imposition of restitution for relevant conduct beyond the offense of conviction, up to $10,046,571.82, prior to the application of any applicable offset for compensation already received by the victim as described in paragraph 1.b.iii, below. Defendant agrees and understands that the imposition of additional restitution is a large sum, and nonetheless agrees to it as part of the resolution of this case.**

    ii. The amount of restitution ordered by the Court shall include restitution to the victim identified at paragraph 1.B.iv., below, which was harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. The Court shall order restitution to this victim regardless of whether it is considered a victim of the offense of conviction. Thus, restitution will include losses arising from counts dismissed and charges not prosecuted as well as relevant conduct in connection with those counts and charges. Defendant agrees to the entry of restitution for such relevant conduct, up to the estimated amount of $10,046,571.82, as provided in paragraph 1.B.iii, below.

iii. The parties estimate the amount of restitution will be **$10,046,571.82**, prior to the application of any applicable offset for compensation already received by the victim, which offset the United States will contest. Defendant understands that this is only an estimate based on currently available information. The Government will recommend restitution of **$10,046,571.82**, but the amount may be higher depending on new information at sentencing relating to the amount of proceeds from the offense received by Defendant. Notwithstanding the foregoing, or any other provision to the contrary, Defendant expressly reserves the right under this agreement to argue to the Court at sentencing that the amount of restitution ordered should be reduced to the net value of the seized assets described herein, because any amount in excess of that net value amounts to compensation already received by the victim, regardless of the form of such compensation. The United States will oppose that argument (but not on the basis of Defendant's concessions in this agreement) and will argue for restitution of **$10,046,571.82**, as provided herein, and the Court may nevertheless impose restitution of any amount. Defendant agrees that a restitution award in an unanticipated amount is not grounds to withdraw Defendant's guilty plea. Defendant also agrees that nothing in this plea agreement or financial addendum limits the Government's duty to provide complete and accurate facts to the district court and to the U.S. Probation Office to calculate restitution.

iv. Notwithstanding any order of the Court, Defendant agrees the total amount of restitution shall be due immediately and the parties agree to jointly recommend to the Court that restitution be ordered to

be paid immediately. Any payment schedule imposed by the Court establishes only a minimum obligation. Regardless of Defendant's compliance with any Court ordered payments, any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the full amount of unpaid restitution, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Based on currently available information, restitution shall be paid to or on behalf of the following victim: Qualcomm Technologies, Inc.

    v. It is the agreement of the parties that the net proceeds from the sale of seized property currently in the possession of the United States Marshal Service shall be turned over to the Clerk, U.S. District Court, for application to the restitution imposed in this case, to wit, the following property:

    a. Approximately $894,210.30 from Schwab account ending in '2541;

    b. Approximately $2,044,819.07 from Schwab account ending in '5620;

    c. Approximately $137,674.81 from Schwab account ending in '3089;

    d. Approximately $37,402.62 from Schwab account ending in '4472;

    e. Approximately $201,522.94 from Citi account ending in '0444;

    f. Approximately $2,435,706.63 from Fidelity account ending in '5129;

      g.    Approximately $271,392.45 from Fidelity account ending in '3052;

      h.    Approximately $243,818.41 from Goldman Sachs account ending in '9163; and

      i.    Approximately $981,805.84 from Vanguard account ending in '7193.

The restitution and forfeiture money judgments will both be credited for this net amount after it is transferred by the United States Marshal and received by the Clerk of Court, which shall promptly disburse the payment to the victim of the offense.

**B.   FINE.**

    i.   The United States will not recommend a fine, but Defendant understands that the Court may impose one nonetheless. The parties agree that notwithstanding any Court imposed schedule for payment of a fine, the total amount of the fine shall be due immediately and shall be deemed to be payable forthwith. Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Regardless of Defendant's compliance, any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the fine, including but not limited to remedies pursuant to 18 U.S.C. § 3613.

2.   The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's tax returns until the fine and restitution are paid in full and forfeiture proceedings are completed,

1 and Defendant will promptly execute any documents necessary to carry
2 out this authorization.
3 3.  **Not later than 30 days after execution of the plea agreement,**
4 **Defendant shall complete and provide to the United States, under penalty**
5 **of perjury, a financial disclosure form listing all Defendant's current**
6 **and projected assets and financial interests valued at more than $1,000.**
7 These include all assets and financial interests in which Defendant has
8 an interest (or had an interest prior to August 2, 2022), direct or
9 indirect, whether held in Defendant's name or in the name of another,
10 in any property, real or personal, including marital and community
11 property. Defendant shall also identify all assets valued at more than
12 $1,000 which have been transferred to any third party since August 2,
13 2022, other than for payment of legal fees, including the location of
14 the assets, the identity of the third party or parties, and the amount
15 of consideration received by the Defendant for the transferred assets.
16 Defendant will provide complete, updated financial information promptly
17 upon request.
18 4.  From the date this plea agreement is executed until the fine,
19 forfeiture and/or restitution is paid in full and forfeiture proceedings
20 are completed, Defendant shall notify the Asset Recovery Section, United
21 States Attorney's Office, of (i) any interest in property worth more
22 than $1,000 that Defendant obtains, directly or indirectly, and (ii) at
23 least 30 days before Defendant transfers any interest in property owned
24 directly or indirectly by Defendant worth over $5,000, other than for
25 payment of legal fees. This obligation covers <u>any</u> interest in property
26 obtained under any other name or entity, including a trust, partnership
27
28

Financial Addendum                          8                    Def. Initials ST
                                                                 22CR1152-BAS-003

or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

5. Defendant shall immediately notify the Asset Recovery Section of the United States Attorney's Office of any material change in Defendant's financial condition.

6. Defendant will make a good faith effort to pay all forfeiture, restitution and fines ordered by the Court. Regardless of Defendant's compliance with any payment schedule established by the Court, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. Defendant waives all demands for payment of the restitution and fine. Defendant agrees to the entry of the restitution and fine into the Treasury Offset Program ("TOP") and waives all notices of TOP and offsets, and waives all rights to contest TOP offsets.

7. The fine and/or restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

8. Defendant waives all right to appeal the forfeiture, restitution, and fine imposed by the Court.

Defendant understands that the main plea agreement and this financial addendum embody the entire plea agreement between the parties and supersedes any other agreement, written or oral.

| | |
|---|---|
| 7/28/23<br>Date | *Sanjiv Taneja* (signature)<br>**SANJIV TANEJA**<br>Defendant |
| 7/28/23<br>Date | *Nicola Hanna* (signature)<br>NICOLA HANNA<br>WINSTON CHAN<br>KATY SHARP<br>JIMMY ROTSTEIN<br>Counsel for Defendant |
| July 28, 2023<br>Date | *Eric R. Olah* (signature)<br>RANDY S. GROSSMAN<br>United States Attorney<br>NICHOLAS W. PILCHAK<br>JANAKI G. CHOPRA<   ERIC R. OLAH<br>Assistant U.S. Attorneys |