UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANJIV TANEJA (3),<br><br>Defendant. | Case No. 22-CR-1152-BAS<br><br>ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Indictment and Bill of Particulars, the United States sought forfeiture of all right, title and interest in multiple properties of Defendant SANJIV TANEJA ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as any property, real and personal, which constitutes or are derived from proceeds traceable to the violations of Title 18, United States Code, Sections 1349, and 1341, as charged in Counts 1 through 5 of the Superseding Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), as any property, real and personal, involved in the offense, and any property traceable to such property, from the violation of Title 18, United States Code, Section 1957, as set forth in Count 7 of the Superseding Indictment; and

WHEREAS, on August 10, 2023, Defendant pled guilty before Magistrate Judge Steven B. Chu to the offense in Count 7 of the Superseding Indictment, which

plea included consent to the forfeiture allegations of the Superseding Indictment, and consent to the forfeiture of all properties seized in connection with the case as property involved in and traceable to the offense set forth in Count 7. Defendant further agreed to pay and forfeit to the United States a personal forfeiture money judgment against Defendant, in the amount of $7,248,353.07 in U.S. dollars, as property involved in and traceable to the offense set forth in Count 7, which forfeiture shall be included and incorporated as part of the judgment in this case.

WHEREAS, the United States and Defendant further agreed that the net proceeds from the following seized specific properties, which are currently in the possession of the United States Marshals Service, shall be turned over to the Clerk, United States District Court, for application to the restitution imposed in this case:

a. Approximately $894,210.30 from bank account ending in '2541 held by The Taneja Family 2017 Trust at Charles Schwab;

b. Approximately $2,044,819.07 from bank account ending in '5620 held in the name of The Taneja Family Trust at Charles Schwab;

c. Approximately $137,674.81 from bank account ending in '3089 held in the name of Manik Taneja and Sanjiv Taneja at Charles Schwab;

d. Approximately $37,402.62 from bank account ending in '4472 held in the name of Sanjiv Taneja at Charles Schwab;

e. Approximately $201,522.94 from bank account ending in '0444 held in the name of Sanjiv Taneja at Citibank, San Diego, California;

f. Approximately $2,435,706.63 in funds from investment account ending in '5129 held in the name of The Taneja Family Trust at Fidelity Investments;

g. Approximately $271,392.45 in funds from Personal Retirement Annuity Contract # XXXXX3052 held in the name of Sanjiv Taneja at Fidelity Investments Life Insurance Company;

  h. Approximately $243,818.41 in funds from Savings Account # XXXXXXXX9163 held in the name of Sanjiv Taneja and Simy Taneja at Goldman Sachs Bank;

  i. Approximately $981,805.84 in funds from Account # XXXX7193 held in the name of The Taneja Family Trust at Vanguard; and

  WHEREAS, provided Defendant does not breach the plea agreement, and provided that the net proceeds from the seized specific properties listed above as (a through i) are transferred by the United States Marshals Service to the Clerk, United States District Court, then after such transfer, Defendant's personal forfeiture money judgment amount of $7,248,353.07 shall be credited by the net amounts of seized specific properties deposited with the Clerk, United States District Court. Defendant's personal forfeiture money judgment amount of $7,248,353.07 shall also be credited by any amount of restitution actually paid voluntarily and timely by Defendant himself in this case.

  WHEREAS, on, September 1, 2023, this Court accepted the guilty plea of Defendant; and

  WHEREAS, by virtue of the admissions of Defendant as set out in the plea agreement, the financial addendum, and guilty plea, the Court hereby determines that the $7,248,353.07 forfeiture money judgment represents criminal proceeds Defendant personally received as property involved in money laundering and traceable to the offense set forth in Count 7; and

  WHEREAS, by virtue of said guilty plea and the Court's finding, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the amount of $7,248,353.07, pursuant to Title 18, United States Code, Section 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

  WHEREAS, the Defendant has agreed to pay directly to the United States the personal forfeiture money judgment amount of $7,248,353.07 in U.S. dollars and further agrees that the provisions for the substitution of assets as provided in 18

U.S.C. § 982(b), which incorporates 21 U.S.C. § 853(p) exist, and that the United States may take actions to collect the forfeiture; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant to Count 7 of the Indictment, Defendant SANJIV TANEJA shall forfeit to the United States the sum of $7,248,353.07 in the form of a personal forfeiture money judgment against Defendant pursuant to Title 18, United States Code, 982(a)(1), representing the criminal proceeds Defendant personally received as property involved in money laundering and traceable to Defendant's involvement in the offense set forth in Count 7. The personal forfeiture money judgment is in favor of the United States against Defendant SANJIV TANEJA in the amount of $7,248,353.07, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing.

2. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

3. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $7,248,353.07 to satisfy the forfeiture money judgment in whole or in part.

4. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

5. Based upon the agreement of the United States and Defendant, as reflected in greater detail in the plea agreement, the United States Marshals Service shall transfer the net proceeds from the following seized specific properties listed below as (a through i) to the Clerk, United States District Court for application to the restitution imposed in this case:

   a. Approximately $894,210.30 from bank account ending in '2541 held by The Taneja Family 2017 Trust at Charles Schwab;

   b. Approximately $2,044,819.07 from bank account ending in '5620 held in the name of The Taneja Family Trust at Charles Schwab;

   c. Approximately $137,674.81 from bank account ending in '3089 held in the name of Manik Taneja and Sanjiv Taneja at Charles Schwab;

   d. Approximately $37,402.62 from bank account ending in '4472 held in the name of Sanjiv Taneja at Charles Schwab;

   e. Approximately $201,522.94 from bank account ending in '0444 held in the name of Sanjiv Taneja at Citibank, San Diego, California;

   f. Approximately $2,435,706.63 in funds from investment account ending in '5129 held in the name of The Taneja Family Trust at Fidelity Investments;

   g. Approximately $271,392.45 in funds from Personal Retirement Annuity Contract # XXXXX3052 held in the name of Sanjiv Taneja at Fidelity Investments Life Insurance Company;

   h. Approximately $243,818.41 in funds from Savings Account # XXXXXXXX9163 held in the name of Sanjiv Taneja and Simy Taneja at Goldman Sachs Bank; and

   i. Approximately $981,805.84 in funds from Account # XXXX7193 held in the name of The Taneja Family Trust at Vanguard.

6. Defendant's personal forfeiture money judgment in the amount of $7,248,353.07 shall then be credited by the net amounts of seized specific properties listed above as (a through i) deposited with the Clerk, United States District Court.

Defendant's forfeiture money judgment amount of $7,248,353.07 shall also be credited by any amount of restitution actually paid voluntarily and timely by Defendant himself in this case. The restitution and forfeiture money judgments will both be credited for this net amount after it is transferred by the United States Marshals Service and received by the Clerk of Court, which shall promptly disburse the payment to the victim of offense.

7. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture money judgment.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: November 6, 2025

_____
Honorable Cynthia Bashant, Chief Judge
United States District Court